IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE HUNTINGTON NATIONAL BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Case No. 1:24-cv-05752 |
| | ) |
| | ) |
| v. | ) |
| | ) |
| XTRADE SALES 1, INC. AND EWA POLITANSKA, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

NOW COMES Plaintiff The Huntington National Bank, by its attorneys, Dickinson Wright PLLC, and for its Complaint against Defendants, Xtrade Sales 1, Inc. and Ewa Politanska, states as follows:

**THE PARTIES**

1. Plaintiff The Huntington National Bank (the "Bank"), is a national bank organized and existing under the laws of the United States of America with a principal place of business in Columbus, Ohio, and which maintains its main office in Ohio, as set forth in its certificate submitted to the Office of the Comptroller of the Currency of the U.S. Treasury (the "OCC").

2. Defendant XTrade Sales 1, Inc. ("Borrower"), is an Illinois corporation that was involuntarily dissolved on March 8, 2024, with its principal place of business at 2700 S. River Road, Suite 203, Des Plaines, IL 60018. Therefore, Borrower is a citizen of the State of Illinois.

3. Ewa Politanska ("Guarantor") is an individual who is a citizen of the State of Illinois because, upon information and belief, she maintains her domicile and principal place of residence at 1429 Granville Avenue, Park Ridge, IL 60068.

## JURISDICTION AND VENUE

4. Jurisdiction is proper under 28 U.S.C. § 1332(a)(1) as the amount in controversy exceeds $75,000.00 exclusive of interest and costs, and is between citizens of different states.

5. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2) because one or more of the Defendants reside in the Northern District of Illinois, Eastern Division, and the loans subject to this action were entered into, accepted, and situated in the Northern District of Illinois, Eastern Division.

## COMMON ALLEGATIONS

6. The Bank made a loan ("Loan 1") to Borrower in the principal amount of $458,000.00 evidenced by that certain U.S. Small Business Administration Note from Borrower to the Bank dated January 20, 2023, in the original principal amount of $458,000.00 ("Note 1"). A copy of Note 1 is attached hereto as **Exhibit A**.

7. On or about January 20, 2023, in connection with Loan 1 and to guarantee Borrower's repayment obligations, Guarantor executed and delivered to the Bank a certain U.S. Small Business Administration Unconditional Guarantee ("Guaranty 1"). A copy of Guaranty 1 is attached hereto as **Exhibit B**.

8. The Bank made a loan ("Loan 2") to Borrower in the principal amount of $100,000.00 evidenced by that certain Promissory Note from Borrower to the Bank dated January 20, 2023, in the original principal amount of $100,000.00 ("Note 2", and together with Note 1 are collectively referred to as the "Notes"). A copy of Note 2 is attached hereto as **Exhibit C**.

9. On or about January 20, 2023, in connection with Loan 2 and to guarantee Borrower's repayment obligations, Guarantor executed and delivered to the Bank a certain Commercial Guaranty ("Guaranty 2", and together with Guaranty 1 are collectively the "Guaranties"). A copy of Guaranty 2 is attached hereto as **Exhibit D**.

10. Borrower is in default under Note 1 for its failure to make all required payments under Note 1 commencing on April 5, 2023 and continuing thereafter. Pursuant to the terms contained therein, the entire principal balance plus accrued interest and late charges has been accelerated and is immediately due and owing.

11. As of June 13, 2024, there is due and owing Note 1:

| | |
|---|---|
| Principal | $458,000.00 |
| Accrued Interest | $ 61,959.84 |
| Appraisal Fee | $ 250.00 |
| Late Charges | $ 1,521.69 |
| Return Check Charge | $ 30.00 |
| Total as of June 13, 2024 | $521,761.53 |

12. From and after June 13, 2024, interest accrues on the unpaid principal balance under the terms of Note 1 at the rate of $138.03 per day. In addition, the Bank has incurred and will continue to incur attorneys, appraisal, inspection, search, credit report and other fees and expenses as needed until the date of sale, all of which are compensable under the terms of Note 1 and Guaranty 1.

13. Borrower is in default under Note 2 for its failure to make all required payments under Note 2 commencing on May 5, 2023 and continuing thereafter. Pursuant to the terms contained therein, the entire principal balance plus accrued interest and late charges has been accelerated and is immediately due and owing.

14. As of June 13, 2024, there is due and owing Note 2:

| | |
|---|---|
| Principal | $99,524.79 |
| Accrued Interest | $12,868.69 |
| Late Charges | $    262.05 |
| Total as of June 13, 2024 | $112,655.53 |

15. From and after June 13, 2024, interest accrues on the unpaid principal balance under the terms of Note 2 at the rate of $29.99 per day. In addition, the Bank has incurred and will continue to incur attorneys, appraisal, inspection, search, credit report and other fees and expenses as needed until the date of sale, all of which are compensable under the terms of Note 2 and Guaranty 2.

### COUNT I – BREACH OF NOTE 1
### (Against Borrower)

16. The Bank restates and re-alleges paragraphs 1-15, inclusive, as though fully set forth in this paragraph 16.

17. The Bank has performed any and all conditions precedent on its part under Note 1.

18. The Bank has demanded payment from Borrower, but Borrower has failed to make payment as required by Note 1.

19. Under the terms of Note 1, Borrower is indebted to the Bank for all amounts now due and owing, together with further accruing interest, and all sums incurred by the Bank in the collection of such amounts due, including attorneys' fees and court costs.

### REQUEST FOR RELIEF AS TO COUNT I

Wherefore, Plaintiff The Huntington National Bank, requests that the Court enter the following:

(1) A judgment in its favor and against Defendant Xtrade Sales 1, Inc. in the amount of at least $521,761.53 as of June 13, 2024, together with further accruing interest, costs, charges, fees and attorneys' fees; and

(2) Such other and further relief as the Court may deem just and equitable.

## COUNT II – BREACH OF GUARANTY 1
### (Against Guarantor)

20. The Bank restates and re-alleges paragraphs 1-15, inclusive, as though fully set forth in this paragraph 20.

21. Under Guaranty 1, Guarantor guaranteed the full and punctual payment and satisfaction of all of the Borrower's obligations under Note 1.

22. Borrower's obligations under Note 1 are presently due and payable in full in the amounts set forth above.

23. A default under Note 1 is a default under Guaranty 1.

24. Under the terms of Guaranty 1, Guarantor is indebted to the Bank for all amounts now due and owing under Note 1, together with further accruing interest, and all sums incurred by the Bank in the collection of such amounts due, including attorneys' fees and court costs.

25. The Bank has made demand upon Guarantor for payment of all amounts due under Guaranty 1, but she has failed to make the required payment.

26. Accordingly, Guarantor is indebted to the Bank as of June 13, 2024 in the amount of at least $521,761.53, together with further accruing interest, costs, charges and fees, and all sums incurred by the Bank in the collection of such amounts due, including attorneys' fees and court costs.

## REQUEST FOR RELIEF AS TO COUNT II

Wherefore, Plaintiff The Huntington National Bank, requests that the Court enter the following:

(1) A judgment in its favor and against Ewa Politanska in the amount of at least $521,761.53 as of June 13, 2024, together with further accruing interest, costs, charges, fees and attorneys' fees; and

(2) Such other and further relief as the Court may deem just and equitable.

## COUNT III – BREACH OF NOTE 2
### (Against Borrower)

27. The Bank restates and re-alleges paragraphs 1-15, inclusive, as though fully set forth in this paragraph 27.

28. The Bank has performed any and all conditions precedent on its part under Note 2.

29. The Bank has demanded payment from Borrower, but Borrower has failed to make payment as required by Note 2.

30. Under the terms of Note 2, Borrower is indebted to the Bank for all amounts now due and owing, together with further accruing interest, and all sums incurred by the Bank in the collection of such amounts due, including attorneys' fees and court costs.

## REQUEST FOR RELIEF AS TO COUNT III

Wherefore, Plaintiff The Huntington National Bank, requests that the Court enter the following:

(1) A judgment in its favor and against Defendant Xtrade Sales 1, Inc. in the amount of at least $112,655.53 as of June 13, 2024, together with further accruing interest, costs, charges, fees and attorneys' fees; and;

(2) Such other and further relief as the Court may deem just and equitable.

## COUNT IV – BREACH OF GUARANTY 2
### (Against Guarantor)

31. The Bank restates and re-alleges paragraphs 1-15, inclusive, as though fully set forth in this paragraph 31.

32. Under Guaranty 2, Guarantor guaranteed the full and punctual payment and satisfaction of all of the Borrower's obligations under Note 2.

33. Borrower's obligations under Note 2 are presently due and payable in full in the amounts set forth above.

34. A default under Note 2 is a default under Guaranty 2.

35. Under the terms of Guaranty 2, Guarantor is indebted to the Bank for all amounts now due and owing under Note 2, together with further accruing interest, and all sums incurred by the Bank in the collection of such amounts due, including attorneys' fees and court costs.

36. The Bank has made demand upon Guarantor for payment of all amounts due under Guaranty 2, but she has failed to make the required payment.

37. Accordingly, Guarantor is indebted to the Bank as of June 13, 2024 in the amount of at least $112,655.53, together with further accruing interest, costs, charges and fees, and all sums incurred by the Bank in the collection of such amounts due, including attorneys' fees and court costs.

### REQUEST FOR RELIEF AS TO COUNT IV

Wherefore, Plaintiff The Huntington National Bank, requests that the Court enter the following:

   (1) A judgment in its favor and against Ewa Politanska in the amount of at least $112,655.53 as of June 13, 2024, together with further accruing interest, costs, charges, fees and attorneys' fees; and

7

  (2)  Such other and further relief as the Court may deem just and equitable.

Respectfully Submitted,

**THE HUNTINGTON NATIONAL BANK**

By: /s/ Andrew H. Eres

Andrew H. Eres (ILARDC 6237032)
Jeremy P. Kreger (ILARDC 6280403)
Ronald A. Damashek (IARDC 6183820)
Dickinson Wright P LLC
55 West Monroe, Suite 1200
Chicago, Illinois 60603
(312) 641-0060
aeres@dickinson-wright.com
jkreger@dickinson-wright.com
rdamashek@dickinson-wright.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE HUNTINGTON NATIONAL BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Case No. |
| | ) |
| | ) |
| v. | ) |
| | ) |
| XTRADE SALES 1, INC. AND EWA POLITANSKA, | ) |
| | ) |
| Defendants. | ) |

**<u>AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222</u>**

Pursuant to Illinois Supreme Court Rule 222(B), counsel for the above-named Plaintiff certifies that Plaintiff seeks money damages in excess of $50,000.00, not including interest, costs, and attorneys' fees.

Respectfully Submitted,

By: /s/Andrew H. Eres
Attorney for Plaintiff

Andrew H. Eres (ILARDC 6237032)
Jeremy P. Kreger (ILARDC 6280403)
Ronald A. Damashek (IARDC 6183820)
Dickinson Wright P LLC
55 West Monroe, Suite 1200
Chicago, Illinois 60603
(312) 641-0060
aeres@dickinson-wright.com
jkreger@dickinson-wright.com
rdamashek@dickinson-wright.com

4880-4659-5246 v1 [25535-616]